UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| JAMES THOMAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY<br>OF INDIANA, et al.,<br><br>    Defendants. | No. 6:22-CV-055-H-BU |

**ORDER GRANTING MOTION TO DISMISS AND ADMINISTRATIVELY CLOSING THE CASE IN LIGHT OF THE PARTIES' SETTLEMENT**

Before the Court is the motion to dismiss by defendants Fernando Moura and Jerry Binyon. Dkt. No. 15. Also before the Court is a notice of settlement by the plaintiffs and Safeco Insurance Company of Indiana. Dkt. No. 33. For the reasons detailed below, the Court grants the motion to dismiss and administratively closes the case in light of the remaining parties' settlement. Safeco's pending motions are denied as moot.

Moura and Binyon have filed a motion to dismiss the plaintiffs' claims against them in light of Safeco's election of liability under Texas Insurance Code § 542A.006(a). Dkt. Nos. 15; 15-1. The deadline to respond has passed, and the plaintiffs have not filed a response.

Texas Insurance Code § 542A.006(a) permits an insurer to "elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." If the insurer makes such an election before the claimant files an action, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id.* § 542A.006(b). As a result, if an insurer elects to

accept liability for its agent, the agent must be dismissed. *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 474 (5th Cir. 2022).

Here, Safeco sent a letter to the plaintiffs, stating that, pursuant to Section 542A.006(a), it "accept[s] whatever liability Fernando Moura and Jerry Binyon might have to [the plaintiffs], for any acts or omissions" from the plaintiffs' insurance claims. Dkt. No. 15-1 at 2. This letter was a proper election under Section 542A.006(a). *See, e.g., Young v. Meridian Sec. Ins. Co.*, No. 4:22-cv-982, 2023 WL 4305124, at *1, 4 (E.D. Tex. June 30, 2023). Accordingly, the Court grants the motion to dismiss, and the plaintiffs' claims against Moura and Binyon are dismissed with prejudice. Dkt. No. 15.

In light of this dismissal and the settlement between the remaining parties, the Clerk of Court is directed to administratively close this case for statistical purposes without prejudice to it being reopened to enter a judgment or order of dismissal or for further proceedings if the settlement is not consummated. The parties are directed to file a joint stipulation of dismissal by no later than 30 days from the date of this Order.

Safeco's pending motions for partial summary judgment and for leave to designate Wyatt Hardenberg as an expert are denied as moot in light of the settlement. Dkt. Nos. 16; 24.

So ordered on October 24, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

2